**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**DANIEL DAVIDSON**

**v.** **C.A. No. 02 - 248 L**

**STATE OF RHODE ISLAND, RHODE ISLAND OFFICE OF THE ATTORNEY GENERAL, RHODE ISLAND DEPARTMENT OF CORRECTIONS, A.T. WALL, WARDEN CUDWORHT, CAPTAIN REDDY, ANN SPAULDING, OFFICE OF THE HIGH SHERIFF, OFFICER BADGE # 114, and CORRECTIONAL OFFICERS JOHN DOES 1 - 10.**

**REPORT AND RECOMMENDATION**

Jacob Hagopian, Senior United States Magistrate Judge

On May 24, 2002, Daniel Davidson ("plaintiff"), *pro se,* filed a complaint pursuant to 42 U.S.C. §1983 alleging various constitutional violations and state law violations. On January 10, 2003, U.S. District Judge Lagueux dismissed the plaintiff's complaint without prejudice due to his failure to prosecute the action. Plaintiff also failed to secure service on any of the named defendants. Plaintiff has now filed a motion to reopen this case and a motion for the entry of default against the unserved - named defendants. As a basis for the two motions, plaintiff avers that he has "a new full case to the court for action." Plaintiff does not identify or articulate any other reasons for the motion to reopen or for the entry of default.

The Court will treat plaintiff's motion to reopen as a motion for relief from judgment

pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Under Rule 60(b), the Court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
> (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

Motions made pursuant to subsections (1), (2) and (3) of Rule 60(b) must be made "not more than one year after the judgment, order, or proceeding was entered or taken." Id. Motions made pursuant to subsections (4), (5), or (6) must be made within a reasonable time. Id. However, it is important to note that Rule 60(b) provides for extraordinary relief and can only be granted under exceptional circumstances. Lepore v. Vidockler, 792 F.2d 272, 274 (1st Cir. 1986).

Here, plaintiff waited over two years to file the instant motion to reopen and plaintiff has provided no explanation for the inordinate delay. Furthermore, plaintiff has failed to articulate a basis upon which the instant motion could be granted pursuant to Fed. R. Civ. P. 60(b). Accordingly, I recommend plaintiff's motion to reopen be denied.

To the extent that the plaintiff seeks an entry of default against all of the named defendants, said motion should be denied. First, this case is closed with judgment entering in the defendants' favor. Plaintiff has not successfully moved for relief of that judgment pursuant to Fed. R. Civ. P. 60(b). Second, plaintiff has not served any named defendant

in this case. It is "axiomatic" that process must be properly served before a default may be entered. Maryland State Firemen's Ass'n v. Chaves, 166 F.R.D. 353 (D. Md. 1996).

## Conclusion

Accordingly, for the reasons set forth above, I recommend that plaintiff's motion to reopen be denied and plaintiff's motion for the entry of default be denied. Any objection to this report and recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b). Failure to file timely, specific objection to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986) (*per curiam*); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

Jacob Hagopian
Senior United States Magistrate Judge
June 2, 2005

in this case. It is "axiomatic" that process must be properly served before a default may be entered. Maryland State Firemen's Ass'n v. Chaves, 166 F.R.D. 353 (D. Md. 1996).

## Conclusion

Accordingly, for the reasons set forth above, I recommend that plaintiff's motion to reopen be denied and plaintiff's motion for the entry of default be denied. Any objection to this report and recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b). Failure to file timely, specific objection to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986) (*per curiam*); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

Jacob Hagopian
Senior United States Magistrate Judge
June 2, 2005